HOWARD ERNST and Others, Copartners, Doing Business as ERNST & COMPANY, Plaintiffs, *v.* FRANCINE MILLER, Defendant.
City Court of New York, Trial Term, New York County, January 29, 1937.

*White & Case* [*Chester Bordeau* of counsel], for the plaintiffs.

*Albert Falck*, for the defendant.

SCHIMMEL, J. Upon the trial of this action the complaint was dismissed at the close of plaintiffs' case.

The complaint alleges that the defendant employed plaintiffs, who are stockbrokers, to purchase for her account 200 shares of the stock of the Ford Motor Company of Canada, when, as, and if issued, at certain fixed prices; that the defendant agreed to deposit immediately with the plaintiffs sufficient margin to secure them against market fluctuations, and that defendant further agreed that the plaintiffs should have the right to sell the said stock without notice whenever, in their opinion, the margin became impaired, any loss to be borne by defendant; that the stock purchase order was executed, but that the defendant failed to deposit any margin although due demand therefor was made; and that the stock was thereafter sold at a loss of $1,750, for which, together with commissions and disbursements amounting to $78, plaintiffs demand judgment.

The plaintiffs proved all the essential facts alleged in the complaint except the agreement by defendant to deposit margin and to accord plaintiffs the right or privilege to close out defendant's account for failure to furnish adequate margin. Instead of proving any such agreement, plaintiffs attempted to support their allegations in that regard by undertaking to offer evidence of the existence of a general trade custom which they claim to be applicable in the circumstances. Indeed, plaintiffs insisted upon the trial that an agreement to furnish adequate margin should be implied from the nature of their agency.

A vital element in any agency or brokerage agreement is the method of payment. Payment may, of course, be made in divers ways. Regretably, the plaintiffs failed to exercise the precaution of obtaining from defendant an express agreement determining the manner in which payment should be made. They entered upon the transaction without any such agreement.

It is well understood that margin is generally referable to pledged securities. In a stock transaction the broker is usually furnished with margin sufficient to secure him against loss arising from the declining values of securities pledged with him. With respect to the stock, customer and broker stand in the relation of pledgor and pledgee, having rights and liabilities as such. Ordinarily, margin is furnished in connection with the hypothecation to the broker of securities of which the customer is already the owner. It is inconceivable that a mere authorization to a broker to purchase stock, nothing else being said, carries the implication that the stock is to be pledged with the broker. It is, indeed, quite as likely that the purchaser intends to pay for the stock in full as soon as the same is obtained and tendered by the broker. It is also apparent that a customer cannot be compelled to accept the broker as the trustee of his goods and funds unless the customer expressly agreed to do so. Perhaps the customer would be unwilling to trust the broker to that extent.

The only reasonable and logical inference flowing from the employment by defendant of plaintiffs as her brokers was an implied promise by defendant to pay to plaintiffs the money advanced for her account, together with the usual commissions and disbursements, upon the delivery to her of the stock purchased for her account. Delivery and payment are concurrent conditions, even in an agency relationship, if no contrary intent be expressed. Naturally, pending payment, the stock is held by the brokers as security for the indebtedness arising from the purchase. In order to hold a customer liable upon an agreement to supply margin incidental to the purchase of securities, there must be either an express agreement to furnish margin or an agreement to hypothecate the securities or circumstances from which an agreement to margin may be implied. Here there was neither.

A direction to a broker to purchase securities imposes upon the customer the obligation to pay the broker for the securities only when they are tendered to him. If the broker desires to receive the purchase price or any part thereof in advance of the purchase, he must exact an agreement entitling him thereto.

The defendant had never before transacted business with the plaintiffs; the proof does not even show that she was a stock trader

and as such familiar with any such custom as that which plaintiffs sought to prove; neither was there any evidence that the defendant had or could be expected to have had any notice of the existence of a general custom applicable in the circumstances. There is, therefore, no basis for the suggested finding that defendant engaged herself to plaintiffs in contemplation of any such custom.

Furthermore, according to the uncontradicted proof submitted by the plaintiffs themselves, the defendant, in response to a self-serving demand for margin, denied that she had agreed to put up any margin.

The gravamen of the plaintiffs' complaint is an agreement to furnish margin. The complaint is not sustained by the proof.

The motion, therefore, to set aside the dismissal of the complaint is denied.